# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,                               Crim. No. 19-10 (DWF/BRT)

           Plaintiff,

v.

Oscar Viveros Arreola (1), and                  **ORDER**
Jessica Violet Bidler (2),

           Defendants.

---

Amber M. Brennan, Esq., Harry M. Jacobs, Esq., Assistant United States Attorneys, counsel for Plaintiff.

James S. Becker, Esq., Federal Public Defender, counsel for Defendant Arreola.

Beau D. McGraw, Esq., McGraw Law Firm, counsel for Defendant Bidler.

---

This action came on for hearing before the Court on March 6, 2019, at the U.S. Courthouse, 316 North Robert Street, St. Paul, MN, 55101. The parties have filed various pretrial motions. Based on the file and documents contained therein, along with the memoranda and arguments of counsel, the Court makes the following Order:

       **1.**        **Government's Motion for Discovery as to Oscar Viveros Arreola.** The Government moves for discovery pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3, and 26.2. Arreola does not oppose this motion. Therefore, the Government's Motion for Discovery **(Doc. No. 21)** is **GRANTED**.

2. **Government's Motion for Discovery as to Jessica Violet Bidler.** The Government moves for discovery pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3, and 26.2. Bidler does not oppose this motion. Therefore, the Government's Motion for Discovery **(Doc. No. 22)** is **GRANTED**.

3. **Defendant Bidler's Motion for Discovery.** On January 23, 2019, Bidler filed a motion for discovery with twenty-one paragraphs of requested information for disclosure. (Doc. No. 25.) Then on February 8, Bidler filed seven additional motions, many of which are duplicative of the requests made in the January 23 motion. (Doc. Nos. 29–35.) The Court agrees with the Government that the issues raised by paragraph in the January 23 motion (Doc. No. 25) should have been raised separately in individual motions. Even so, the Government lodged specific objections to various paragraphs in Bidler's initial motion, which the Court will address herein.

As a general matter, with respect to requests governed by Rule 16 of the Federal Rules of Criminal Procedure, the Government states that it has made its Rule 16 disclosures and will continue to supplement its disclosures as additional materials come into its possession. The Government also represents that it will fully comply with its discovery obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny, and has substantially complied with its obligations to produce evidence favorable to the defense.

The Government specifically objects to paragraphs 6, 9, 10, 12, and 16, requesting the disclosure of names, address, qualifications, and subject of testimony of any witness to be called by the Government or witnesses to the transactions described in the

Indictment that the Government does not intend to call to testify. The Government clarifies that it will provide criminal records of its witnesses no later than three days prior to trial, along with any other *Giglio* and Jencks Act materials concerning these witnesses. With respect to Jencks Act materials, the Government states that Bidler's motion should be denied because the Government cannot be compelled to produce Jencks Act material until after a witness has testified at trial on direct examination, *United States v. Douglas*, 964 F.2d 738, 741 (8th Cir. 1992), but that it will provide Defendants with all Jencks Act materials no later than three business days prior to trial as a courtesy. Nothing in this Order precludes the Government from providing Jencks material no later than three days before trial as it has represented it will do.

The Government also objects to paragraph 17, in which Bidler moves for the disclosure of all evidence of any promise and/or valuable consideration paid to any undercover agents or persons acting on the Government's behalf in connection with this case. The Government represents that it will fully comply with its discovery obligations under *Brady* and *Giglio* and will disclose the requested information to the extent it pertains to Government witnesses.

Finally, the Government objects to paragraph 21, in which Bidler moves for the disclosure of "a statement describing in detail the methods and procedures used to identify the Defendants and/or co-participants as the perpetrators of the offense alleged in the indictment." (Doc. No. 25, ¶ 21.) To the extent any identification occurred, the Government has provided relevant details and will continue to comply with its discovery

obligations as required by the Federal Rules of Criminal Procedure and applicable case law.

Therefore, Bidler's Motion for Discovery (**Doc. No. 25**) is **GRANTED** in part and **DENIED** in part. Bidler's motion is **DENIED** with respect to paragraphs 6, 9, 10, 12, 17, and 21. Bidler's motion is **GRANTED** with respect to the remaining paragraphs, but only to the extent these requests are not denied in the context of Bidler's remaining motions. (Doc. Nos. 29–35.)

**4.      Defendant Bidler's Motion to Disclose Post Conspiracy Statements of Co-Defendants and Any Unindicted Co-Conspirator.** Bidler moves for an order compelling the Government to give notice and disclosure of intent to use or refer to the confession of any Defendant or unindicted conspirator. Bidler has also moved for an order granting her leave to file motions for severance, suppression, and/or *in limine* after the Government's response and a review of any relevant materials under *Bruton v. United States*, 391 U.S. 123, 135–36 (1968).

The Government responds that it has complied, and will continue to comply, with all of its discovery obligations under the Federal Rules of Criminal Procedure and applicable case law. The Government objects, however, to the disclosure of post-conspiracy statements of any co-defendant or unindicted conspirator, other than through its obligations pursuant to the Jencks Act and under *Brady*, *Giglio*, *Bruton*, and their progeny. The Government makes clear that it is aware of its obligations under *Brady* and *Giglio* to disclose material information which that is either exculpatory or impairs the credibility of a Government witness, and therefore does not object to these motions. The

Government is also aware of *Bruton*, which prohibits the Government from using the testimonial statement of a non-testifying defendant to incriminate a co-defendant in the same trial. The Government does not object to Bidler's motion for notice of any co-defendant's statements it intends to use a trial, and will make such disclosures fourteen days in advance of trial. Moreover, if the Government intends to call any unindicted conspirator or co-defendant as witnesses at trial, it will provide all Jencks Act materials relating to such witnesses no later than three business days prior to trial.

Therefore, Bidler's Motion for Disclosure of Post Conspiracy Statements of Co-Defendants and Any Unindicted Conspirator **(Doc. No. 29)** is **GRANTED** in part and **DENIED** in part.

    5.    **Defendants' Motions for Disclosure of Rule 404(b) Evidence.**

Defendants each move for an order requiring the Government to give notice of its intent to use "other crimes, wrongs, or acts" evidence, as that phrase is used in Federal Rule of Evidence 404(b). The Government states that it is aware of its obligations under Rule 404(b) and intends to comply fully with those obligations. The Government objects, however, to the request that the notice be given immediately or sixty days before trial. Instead, the Government proposes to make its notification fourteen days prior to trial. The Government also requests that the order be narrowly drawn to make clear that Rule 404(b) does not encompass acts which are "intrinsic" to the charged offense. "'Other act' evidence is 'intrinsic' when the evidence of the other act and the evidence of the crime charged are 'inextricably intertwined' or both acts are part of a 'single criminal episode' or the other acts were 'necessary preliminaries' to the crime charged." *United States v.*

5

*Williams*, 900 F.2d 823, 825 (5th Cir. 1990); *see also United States v. Adediran*, 26 F.3d 61, 63 (8th Cir. 1994) ("[W]here the other crime is so 'inextricably intertwined' with the charged crime . . . Rule 404(b) is not implicated, . . ."). Subject to these conditions, Defendant's Motions **(Doc. Nos. 30, 38)** are **GRANTED**.

6. **Defendant Bidler's Motion for Disclosure of Grand Jury Transcripts.** Bidler moves for disclosure of Grand Jury transcripts for witnesses that the Government intends to call at the motions hearing and/or trial. The Government does not object to producing the grand jury transcript of any witness it intends to call at the motions hearing or at trial to the extent disclosure is required by the Jencks Act, but it objects to any order requiring the Government to produce the transcript in advance of the witness's testimony. Bidler's motion **(Doc. No. 31)** is **DENIED**. Nothing in this Order precludes the Government from making disclosures as set forth in the Government's response to Defendants' Motions for Early Disclosure of Jencks Act Material.

7. **Bidler's Motion for Disclosure of Intent to Use Evidence Under Federal Rule of Evidence 807.** The Government states that it will comply with the notice requirements of Rule 807(b), but believes that the requested thirty-days' notice is excessive. Instead, the Government agrees to provide notice as soon as it becomes aware of its intention to use such evidence, not later than fourteen days prior to trial. On this understanding, Bidler's Motion for Disclosure of Intent to Use Evidence Under Federal Rule of Evidence 807 **(Doc. No. 32)** is **GRANTED**.

8. **Defendants' Motions to Retain Agents' Notes.** The Government does not object to these motions and has instructed law enforcement officials involved in the

investigation of this case to retain and preserve their rough notes. Therefore, Defendants' Motions to Retain Agents' Notes **(Doc. Nos. 33, 45)** are **GRANTED**.

9. **Bidler's Motion for Disclosure of Impeaching Information, Benefits to Witnesses, and Exculpatory Evidence.** The Government understands, has substantially complied with, and will continue to comply with, its obligations to produce exculpatory/impeachment evidence pursuant to *Brady*, *Giglio*, and their progeny. Bidler's Motion for Disclosure of Impeaching Information, Benefits to Witnesses, and Exculpatory Evidence **(Doc. No. 34)** is **GRANTED**.

10. **Defendants' Motions for Disclosure of Evidence Favorable to the Defendant.** Both Defendants have moved for disclosure of evidence favorable to them. The Government, as set forth above, will fully comply with its discovery obligations under *Brady*, *Giglio*, and their progeny. Defendants' Motions for Disclosure of Evidence Favorable to the Defendant **(Doc. Nos. 25, 39)** are **GRANTED**.

11. **Defendant Bidler's Motion to Disclose Informants and Statements of Informants and to Make Informants Available for Interview.** The Government states that at least one confidential informant was used during the investigation of this case. The Government asserts the informant privilege, the purpose of which "is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation." *Rovario v. United States*, 353 U.S. 53, 59 (1957). The most important factor to consider in determining whether disclosure is required is

whether the informant's information is material to the defense. *United States v. Lapsley*, 334 F.3d 762, 764 (8th Cir. 2003). Defendant Bidler failed to meet her burden of showing that any informant used in the investigation of this case has material information. *See United States v. Lindsey*, 284 F.3d 874, 877 (8th Cir. 2002) ("To establish materiality, the burden is on defendants to demonstrate that there is a 'reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'") (quoting *United States v. Harrington*, 951 F.2d 876, 878 (8th Cir. 1991)). Therefore, Bidler's Motion to Disclose Informants and Statements of Informants and to Make Informants Available for Interview **(Doc. No. 35)** is **DENIED**. The Government represents, however, that if Bidler articulates the informants or witnesses targeted by their motions, and the Government concedes or the Court finds the informant or informants to be material, the Government will disclose the identities and location of these individuals fourteen days before trial.

12. **Defendant Arreola's Pretrial Motion to Disclose and Make Informant Available for Interview.** Defendant requested post-hearing briefing on this motion. Arreola's post-hearing brief is due no later than **March 20, 2019**, and the Government's response is due no later than **March 27, 2019**. The Court will take Arreola's motion **(Doc. No. 43)** under advisement on **March 27, 2019** and issue an Order.

13. **Defendant Arreola's Motion for Discovery and Inspection.** Arreola moves for discovery under Rule 16. The Government responds that it has made its Rule 16 disclosures and will continue to supplement its disclosures as additional

8

materials come into its possession. Therefore, Arreola's Motion for Discovery and Inspection **(Doc. No. 40)** is **GRANTED**.

14. **Defendant Arreola's Motion for Discovery and Inspection of Products and Records of Electronic Surveillance.** Arreola moves for an order directing the Government to disclose and to certify the extent of electronic surveillance, including wiretapping and interceptions of telephone conversations. The Government responds that it has notified the defense of all known electronic surveillance, and if it learns of any additional evidence of electronic surveillance, such evidence will be provided pursuant to the Government's discovery obligations. Therefore, Arreola's Motion for Discovery and Inspection of Products and Records of Electronic Surveillance **(Doc. No. 41)** is **GRANTED**.

15. **Defendant Arreola's Motion for Disclosure of Results and Reports of Computer Forensic Testing.** The Government responds that it is aware of its discovery obligations pursuant to Fed. R. Crim. P. 16(f) and will continue to fully comply with its discovery obligations. Arreola's Motion for Disclosure of Results and Reports of Computer Forensic Testing **(Doc. No. 42)** is therefore **GRANTED**.

16. **Defendant Arreola's Motion for Early Disclosure of Jencks Act Material.** The Government states that Arreola's motion should be denied because the Government cannot be compelled to produce Jencks Act material until after a witness has testified at trial on direct examination, *Douglas*, 964 F.2d at 741, but that it will provide Defendants with all Jencks Act materials no later than three business days prior to trial as a courtesy. Because the Jencks Act plainly provides that "no statement or report in the

possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case," Arreola's Motion for Early Disclosure of Jencks Act Material **(Doc. No. 44)** is **DENIED**. Nothing in this Order, however, precludes the Government from providing Jencks material no later than three days before trial as it has represented it will do.

**17.    Defendant Arreola's Motion to Suppress Fruits of Unlawful Arrest and Search and Seizure**. Arreola moves to suppress evidence obtained as a result of a search of his residence and person, conducted on December 18, 2018 pursuant to a search warrant. Arreola also moves to suppress evidence obtained as a result of a traffic stop that occurred on December 18, 2018, just prior to the execution of the search warrant. The parties requested post-hearing briefing on this motion. Arreola's post-hearing brief in support of his Motion to Suppress is due no later than **March 20, 2019**, and the Government's response is due no later than **March 27, 2019**. The Court will take Arreola's Motion to Suppress Fruits of Unlawful Arrest and Search and Seizure **(Doc. No. 46)** under advisement on **March 27, 2019** and issue a **Report and Recommendation** to the District Court.

Date: March 7, 2019.

                                                                *s/ Becky R. Thorson*
                                                                BECKY R. THORSON
                                                                United States Magistrate Judge