UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,  Criminal No. 19-10 (DWF/BRT)

        Plaintiff,

v.  **ORDER ADOPTING REPORT AND RECOMMENDATION**

Oscar Viveros Arreola (1), and
Jessica Violet Bidler (2),

        Defendants.

This matter is before the Court upon Defendant Oscar Viveros Arreola's ("Defendant Arreola") objections (Doc. No. 64) to Magistrate Judge Becky R. Thorson's April 15, 2019 Report and Recommendation (Doc. No. 61) insofar as it recommends that: (1) Defendant Arreola's Motion to Suppress Fruits of Unlawful Arrest and Search and Seizure be denied; and, (2) Defendant Arreola's Motion to Disclose and Make Informant Available for Interview be denied. Plaintiff United States of America (the "Government") filed a response to Defendant Arreola's objections on May 15, 2019. (Doc. No. 65.)

The factual background for the above-entitled matter is clearly and precisely set forth in the Report and Recommendation and is incorporated by reference for purposes of Defendant Arreola's objections. In the Report and Recommendation, the Magistrate Judge explained that: (1) the search warrant affidavit established probable cause for the search of the residence and Arreola's person; (2) the traffic stop was supported by

probable cause; and (3) the government is not required to disclose the identity of an anonymous tipster who was not an active participate in the conduct charged.

Defendant Arreola objects to the Magistrate Judge's Report and Recommendation, arguing that the search warrant application lacked probable cause to establish a nexus between the crime and the location to be searched. To the extent that any nexus did exist, Defendant Arreola contends that it was based on stale evidence. Defendant Arreola argues further that the traffic stop lacked probable cause because the arresting officer did not witness any traffic violation himself, and because he lacked reasonable articulable suspicion of criminal activity. Finally, Defendant Arreola objects to the Magistrate Judge's finding that the Government is not required to disclose the identity of its Confidential Informant because his right to fairly prepare his defense outweighs the public's interest in protecting an informant that was a witness to and active participant in the offense charged.

The Government argues the Magistrate Judge was correct to find probable cause with respect to the search of the subject residence and Arreola's person because the search warrant affidavit provided ample connection between the evidence of a crime and the residence searched, including photographs of Defendant Arreola sitting in a parked vehicle outside of the residence in the midst of suspected activity, a statement that Defendant Arreola listed the subject residence as his current address with the Dakota County Probation office, multiple observations of Defendant Arreola at the subject residence, and law enforcement interception and confiscation of nearly ten pounds of methamphetamine in a package addressed to the subject residence three months prior.

The Government also contends that Defendant Arreola waived his argument with respect to stale evidence because he raised it for the first time in his objections to the Report and Recommendation. Nonetheless, the Government contends that the argument lacks merit because there is no fixed time period after which information relied upon in an affidavit becomes stale, and a three-month interval was appropriate in light of an ongoing investigation.

The Government also contends that there was a valid and constitutional basis to conduct the traffic stop because dashboard camera footage clearly established that the arresting officer witnessed the traffic violation and that the Magistrate Judge properly concluded that the stop was supported by probable cause. Finally, the Government contends that the Magistrate Judge properly concluded that there is no obligation to reveal the confidential informant's identity because the tipster was not an active participant in the conduct charged. To the extent that Defendant Arreola objects to an informant other than the anonymous tipster, his argument fails because he failed to raise it in his initial suppression motion.

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of the parties, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). After a careful review of Defendant Arreola's objections, the Court finds no reason to depart from the Magistrate Judges' recommendation. With respect to the arguments Defendant Arreola raises for the first time in his objection to the Report and Recommendation, the Court agrees with the Government that these arguments are

waived.[1]  *See United States v. Nguyen*, Cr. No. 09-172, 2010 WL 5146414, at *1 (D. Minn. Dec. 13, 2010) ("There is no indication that [the defendant] raised this issue during the suppression hearing before the Magistrate Judge.  The Court concludes that Defendant has waived this issue by raising it, for the first time, in his objection to the Report and Recommendation.").  Based upon the Report and Recommendation of the Magistrate Judge and upon all of the files, records, and proceedings herein, the Court now makes and enters the following:

**ORDER**

1. Defendant Oscar Viveros Arreola's objections (Doc. No. [64]) to Magistrate Judge Becky R. Thorson's April 15, 2019 Report and Recommendation are **OVERRULED**.

2. Magistrate Judge Becky R. Thorson's April 15, 2019 Report and Recommendation (Doc. No. [61]) is **ADOPTED**.

3. Defendant Oscar Viveros Arreola's Pretrial Motion to Suppress Fruits of Unlawful Arrest and Search and Seizure (Doc. No. [46]) is **DENIED.**

---

[1]  Even if Defendant Arreola did not waive his staleness argument, the argument still fails because there is no fixed time period after which information relied upon in an affidavit becomes stale and a three-month interval was appropriate.  (*See U.S. v. Formaro*, 152, F.3d 768, 881 (8th Cir. 1998) (citing *U.S. v. Ortiz*, F.3d 728, 732-33 (2d Cir. 1998)) ("[I]n investigations of ongoing narcotics operations, intervals of weeks or months between the last described act and the application for a warrant did not necessarily make the information stale.")

4

4. Defendant Oscar Viveros Arreola's Motion to Disclose and Make Informant Available for Interview (Doc. No. [43]) is **DENIED**.

Dated: May 31, 2019        s/Donovan W. Frank
                           DONOVAN W. FRANK
                           United States District Judge